# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ZURY BRITO-ARROYO, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:17-CR-0337-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:22-CV-1934-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Zury Brito-Arroyo's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 278], and the government's response, [Doc. 282]. For the reasons that follow, it is **RECOMMENDED** that Brito-Arroyo's § 2255 motion be **DENIED**.

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a seven-count indictment against Brito-Arroyo and two co-defendants, charging Brito-Arroyo in Count One with conspiring to manufacture and to possess with intent to distribute 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, in Count Two with manufacturing and possessing with intent to distribute 500 grams of methamphetamine within 1,000 feet of an

elementary school, in violation of §§ 841(a)(1), 841(b)(1)(A), 860, and 18 U.S.C. § 2, in Count Three with maintaining a premises to manufacture and to possess with intent to distribute methamphetamine, in violation of §§ 856(a)(1), 856(b), and 860, in Count Four with manufacturing and possessing with intent to distribute methamphetamine on a premises where a minor child resides, in violation of §§ 841(a)(1) and 860a, and in Count Five with possession of a firearm by an alien illegally present in the United States, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). [Doc. 27]. The Court initially appointed Judy A. Fleming of the Federal Defender Program, Inc., to represent Brito-Arroyo. [Doc. 3]. Brito-Arroyo then retained attorney Michael Robert Friedman ("Friedman"), [Doc. 51], who later withdrew, [Docs. 106-107], after Brito-Arroyo retained attorney John R. Lovell ("Lovell") to represent him. [Doc. 101].

While Friedman was representing Brito-Arroyo, he filed a motion to suppress, [Doc. 65], and a second motion to suppress, [Doc. 77], but subsequently withdrew both motions, [Doc. 93]. After Lovell entered the case, he filed a motion to reinstate the second motion to suppress, [Doc. 111], which the Court granted, [Doc. 121], and also filed a motion to suppress evidence obtained from use of a vehicle tracker device, [Doc. 114]. Following evidentiary hearings on the motions, the undersigned recommended that the motions to suppress be denied, [Doc. 141],

and the Honorable Thomas W. Thrash, United States District Judge, adopted the Report and Recommendation over Brito-Arroyo's objections. [Docs. 149, 154 & 177].

On October 17, 2019, a little more than two weeks before trial was scheduled to begin, see [Doc. 181], Brito-Arroyo entered a conditional, negotiated guilty plea to Counts One through Four, reserving his right to appeal the denial of his motion to suppress evidence obtained from a vehicle tracking device. [Doc. 187-1 at 1, 8]. At the plea hearing, Brito-Arroyo stated, under oath, that he had sufficient time to consider and to discuss this matter fully with his attorney before entering his guilty plea and that he was satisfied with his attorney's representation. [Doc. 236 at 3, 12].

At sentencing, the Court calculated Brito-Arroyo's sentencing guideline range as 360 months to life imprisonment. [Doc. 238 at 5]. Lovell, on behalf of Brito-Arroyo, requested a sentence of ten years of imprisonment and argued that he had counseled Brito-Arroyo to reject a plea offer of fifteen years of imprisonment, which the government had offered prior to the denial of Brito-Arroyo's motions to suppress, because Lovell "had a very real doubt as to the admissibility of the evidence." [Id. at 10-13]. The government, which was represented by a different attorney at sentencing than the attorney who had

3

allegedly made the prior plea offer, questioned whether the prior offer was firm, had been approved by supervisors, or had other conditions or terms that would have affected Brito-Arroyo's decision to accept or reject it. [Id. at 26-27]. The Court sentenced Brito-Arroyo below the sentencing guidelines range and imposed a total sentence of 252 months of imprisonment. [Doc. 204].

Still represented by Lovell, Brito-Arroyo appealed the denial of his motion to suppress evidence obtained from use of a vehicle tracking device. Brief for Appellant (Jan. 19, 2021), United States v. Brito-Arroyo, No. 20-10974, 2021 WL 3661200 (11th Cir. Aug. 18, 2021), 2021 WL 211653. On August 18, 2021, the United States Court of Appeals for the Eleventh Circuit affirmed the denial of Brito-Aroyyo's motion to suppress evidence. Brito-Arroyo, 2021 WL 3661200, at *5.

Brito-Arroyo timely filed this pro se § 2255 motion, arguing that Lovell provided him ineffective assistance by advising him to reject the prior fifteen-year plea offer, which he otherwise would have accepted, "because he could win the suppression hearing which would result in no conviction or prison time." [Doc. 278 at 4; Doc. 278-1]. The government responds that Brito-Arroyo has failed to show deficient performance by counsel or prejudice. [Doc. 282 at 9-14].

4

## II. DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes


an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential," id. at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. Id. at 1315; Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden."); Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate. . . .").

As to the second prong, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. In order to demonstrate prejudice, a defendant "must show that there

6

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In order to establish prejudice based on Lovell's advice to reject the prior plea offer, Brito-Arroyo must show that

> there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012).

Brito-Arroyo alleges that Lovell advised him that he "could" win the motion to suppress evidence obtained from a vehicle tracking device. [Doc. 278-1 at 1]. At the change of plea hearing held after Brito-Arroyo's motion to suppress was denied, Brito-Arroyo stated that he was satisfied with his attorney's representation and that no one had made any promises to him other than the terms of the plea agreement that caused him to plead guilty, and he did not complain that counsel had promised him that he would prevail on the motion to suppress. [Doc. 236 at 11-12]. Brito-Arroyo's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

7

Accordingly, Brito-Arroyo's "own words" contradict any claim that Lovell "guaranteed" a win on the suppression issue. Martin v. United States, 703 F. App'x 866, 871 (11th Cir. 2017) (per curiam).

Additionally, Brito-Arroyo has not carried his burden to show that Lovell's belief that the suppression issue was potentially meritorious was a position that no competent lawyer would have taken. Chandler, 218 F.3d at 1315. In fact, the Court found that law enforcement agents acted negligently in their application for and execution of the tracker warrant, [Doc. 141 at 30, 43-44; Doc. 177 at 2], and noted that the issue of whether the good faith exception to the exclusionary rule was "available for a warrant that is void *ab initio* [was] an open question in the Eleventh Circuit," [Doc. 141 at 40]. "[A]n 'attorney is not liable for an error of judgment on an unsettled proposition of law.'" Martin, 703 F. App'x at 872 (citation omitted). Brito-Arroyo does not allege, nor has he shown, "that the motion to suppress was doomed to fail," and "[a]lthough the motion was ultimately denied, it may have been reasonable for trial counsel, under the circumstances at the time, to conclude that there was a good chance the motion was going to succeed." Mostowicz v. United States, 625 F. App'x 489, 494 (11th Cir. 2015) (per curiam). "Simply put, advice, although incorrect in retrospect, does not necessarily rise to the level of

8

ineffective assistance of counsel." Id. (citation omitted). Thus, Brito-Arroyo has not shown deficient performance by Lovell.

Brito-Arroyo also fails to meet the prejudice prong, as he has not shown that his sentence "under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 566 U.S. at 164. Sentencing recommendations in a plea agreement are not binding on a Court; and, when imposing Brito-Arroyo's sentence, Judge Thrash stated that the sentence imposed was "required by the sentencing factors set forth in [18 U.S.C. § 3553(a)]," was "fair and reasonable," and would "communicate the message to others who might be tempted to do so that if you come to this country illegally and as a way of making money, manufacture, sell and distribute drugs on a large scale, that the punishment will be severe." [Doc. 238 at 42-43]. Accordingly, Brito-Arroyo is not entitled to § 2255 relief.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Brito-Arroyo's sole ground for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Brito-Arroyo's § 2255 motion, [Doc. 278], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 29th day of September, 2022.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE